J-S78046-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAYMOND SWARTZ | |
| Appellant | No. 585 MDA 2014 |

Appeal from the PCRA Order March 5, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000331-2004

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED APRIL 09, 2015**

Appellant, Daymond Swartz, appeals from the order entered in the York County Court of Common Pleas, which dismissed his second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On June 7, 2002, Deena Cunningham and Patrick Hatzinikolas ("Victims") left the End Zone Bar and entered their vehicle.  As Victims backed out of the parking spot, shots fired into the vehicle killed Ms. Cunningham and seriously injured Mr. Hatzinikolas.  The Commonwealth charged Appellant and three co-defendants in connection with the shooting.  On May 3, 2004,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant and his co-defendants proceeded to a jury trial.[2] The jury convicted Appellant on May 7, 2004, of voluntary manslaughter, involuntary manslaughter, and aggravated assault. The court sentenced Appellant to an aggregate term of twenty (20) to forty (40) years' imprisonment on July 19, 2004. On August 25, 2005, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on December 27, 2005. *See Commonwealth v. Swartz*, 885 A.2d 586 (Pa.Super. 2005), *appeal denied*, 586 Pa. 738, 891 A.2d 732 (2005).

On May 11, 2006, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who subsequently filed an amended petition on February 15, 2007. Following a hearing, the court denied PCRA relief on February 22, 2007. This Court affirmed the denial of PCRA relief on September 9, 2008, and our Supreme Court denied allowance of appeal on February 27, 2009. *See Commonwealth v. Swartz*, 963 A.2d 574 (Pa.Super. 2008), *appeal denied*, 600 Pa. 755, 966 A.2d 571 (2009).

On June 25, 2013, Appellant filed the current petition for PCRA relief (his second). In his petition, Appellant alleged that, on March 1, 2013, Dio Garcia gave a statement to police that Wilfredo Rodriguez (a Commonwealth witness at Appellant's trial) had admitted to Mr. Garcia that Mr. Rodriguez

---

[2] The Commonwealth initially tried one of Appellant's co-defendants, Antonio Stauffer, separately. Following a mistrial, the Commonwealth tried Mr. Stauffer along with Appellant and the other co-defendants.

was the shooter in the End Zone Bar homicide. Appellant further claimed his counsel became aware of Mr. Garcia's statement by way of counsel for one of Appellant's co-defendant's (co-defendant Greg Lee) on or about May 28, 2013; and Appellant's counsel disclosed this information to Appellant on May 29, 2013.[3] Appellant attached as exhibits to his PCRA petition, *inter alia*, Mr. Garcia's March 1, 2013 transcribed statement to police. Two of Appellant's co-defendants (Mr. Lee and Mr. Stauffer) filed similar petitions based on Mr. Garcia's statement to police on March 1, 2013. The court held a hearing on all three petitions on September 23, 2013.

By order dated March 5, 2014, the court denied PCRA relief. Appellant timely filed a notice of appeal on April 1, 2014. On April 2, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement on April 23, 2014.

Appellant raises the following issue for our review:

> WHETHER THE [PCRA] COURT ERRED WHEN IT DENIED THE PETITION FOR PCRA RELIEF BASED ON THE EXCULPATORY EVIDENCE NOT AVAILABLE AT THE TIME OF TRIAL BUT SUBSEQUENTLY BECAME AVAILABLE, THAT BEING THE STATEMENT MADE BY DIO GARCIA TO DETECTIVE SPENCE ON OR ABOUT MARCH 1, 2013?

---

[3] Appellant maintained that co-defendant Lee's counsel received a copy of Mr. Garcia's statement from police on or about April 9, 2013, but that Appellant's counsel did not receive a copy of the statement from co-defendant Lee's counsel until May 29, 2013.

A.    WHETHER THE [PCRA] COURT ERRED WHEN IT
FOUND THAT DIO GARCIA'S STATEMENT WAS
INADMISSIBLE HEARSAY AND NOT SUPPORTED BY
CORROBORATING CIRCUMSTANCES THAT INDICATE
ITS TRUSTWORTHINESS?

B.    WHETHER THE [PCRA] COURT ERRED WHEN IT
FOUND DIO GARCIA'S STATEMENT UNRELIABLE?

C.    WHETHER THE [PCRA] COURT ERRED WHEN IT
FOUND THAT DIO GARCIA WAS NOT CREDIBLE AND
THAT HIS TESTIMONY WOULD NOT HAVE CHANGED
THE OUTCOME OF TRIAL?

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the certified record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014).

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment

becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of

the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 781 A.2d 94 (2001). This rule is strictly enforced. ***Commonwealth v. Monaco***, 996 A.2d 1076 (Pa.Super 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). Additionally, the focus of this exception "is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (internal citations omitted) (emphasis in original).

Significantly, a claim based on inadmissible hearsay does not satisfy the "new facts" exception. ***Commonwealth v. Abu-Jamal***, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172

L.Ed.2d 201 (2008). In **Abu-Jamal**, the petitioner filed a facially untimely

PCRA petition attempting to invoke the "new facts" exception to the PCRA's

time-bar. In his petition, the petitioner alleged, *inter alia*, he received new

evidence that Priscilla Durham, a key Commonwealth witness at trial, had

recanted her trial testimony implicating the petitioner in the crimes charged.

In support of this allegation, the petitioner presented a declaration by

Kenneth Pate, one of the petitioner's fellow inmates, stating Mr. Pate had a

phone conversation with Ms. Durham, during which she admitted police had

directed her to testify she heard the petitioner confess to the crimes

charged, though it was untrue. The PCRA court dismissed the petition as

untimely, and the petitioner appealed to our Supreme Court.[4] Our Supreme

Court explained, in relevant part:

> [The petitioner] offers no explanation as to why [Mr.] Pate, who asserted he was aware of [Ms.] Durham's alleged perjury in 1984, did not come forward with this information until nearly 20 years later. Thus, we cannot say [the petitioner] raised his issues regarding the applicability of [Section 9545(b)(1)(ii)] in a timely manner….
>
> \* \* \*
>
> [Mr.] Pate's testimony regarding [Ms.] Durham's alleged perjury [also] does not meet § 9545(b)(1)(ii)'s exception

---

[4] The petitioner was entitled to appeal directly to the Supreme Court because he was sentenced to death for his crimes. **See** 42 Pa.C.S.A. § 9546(d) (stating final order by PCRA court in case in which death penalty has been imposed shall be directly appealable only to Supreme Court).

- 7 -

because a claim based on inadmissible hearsay does not implicate this exception. Because [Mr.] Pate's testimony concerned an out-of-court statement by [Ms.] Durham relied upon for its truth, it was hearsay. **See** Pa.R.E. 801(c) (hearsay is statement, other than one made by declarant while testifying at trial, offered in evidence to prove truth of matter asserted). [The petitioner] contends [Ms.] Durham's statement to [Mr.] Pate was a statement against interest and is admissible under the hearsay exception in Pa.R.E. 804(b)(3).[5] However, for this exception to apply, the declarant must be unavailable as a witness, **see** Pa.R.E. 804(b),[6] and [the petitioner] offers no proof [Ms.] Durham is not available. Therefore, [Mr.] Pate's declaration was inadmissible hearsay and does not fall under § 9545(b)(1)(ii)'s timeliness exception.

_____

[5] **See** Pa.R.E. 804(b)(3) (explaining "statement against interest" hearsay exception is statement that: (A) reasonable person in declarant's position would have made only if person believed it to be true because, when made, it was so contrary to declarant's proprietary or pecuniary interest or had such great tendency to invalidate declarant's claim against someone else or to expose declarant to civil or criminal liability; and (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if offered in criminal case as one that tends to expose declarant to criminal liability).

[6] **See** Pa.R.E. 804(a) (stating declarant is considered unavailable as witness if declarant is exempted from testifying about subject matter of declarant's statement because privilege applies; declarant refuses to testify about subject matter despite court order to do so; declarant testifies to not remembering subject matter; declarant cannot be present or testify at trial or hearing because of death or then-existing infirmity, physical illness, or mental illness; or declarant is absent from trial or hearing and statement's proponent has not been able, by process or other reasonable means, to procure declarant's attendance or testimony); Pa.R.E. 804(b)(3) (explaining "statement against interest" hearsay exception applies only if declarant is unavailable as witness).

*Id.* at 229-30, 941 A.2d at 1269-70 (some internal citations omitted). Thus, the Supreme Court affirmed the order dismissing the petition as untimely. *Id.* at 231, 941 A.2d at 1270.

Instantly, the court sentenced Appellant on July 19, 2004. Our Supreme Court denied allowance of appeal on December 27, 2005. Appellant's judgment of sentence became final on March 27, 2005, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. Thus, Appellant's current petition, filed on June 25, 2013, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Appellant attempts to invoke the "new facts" exception at Section 9545(b)(1)(ii), claiming Mr. Garcia gave a statement to police on March 1, 2013, declaring that, while in prison, Mr. Rodriguez admitted he was the shooter in the End Zone Bar homicide. Appellant's counsel received the statement on or about May 29, 2013. Appellant filed his PCRA petition on June 25, 2013. Appellant contends he could not have discovered this information earlier with the exercise of due diligence.

On September 23, 2013, the PCRA court held a hearing on Appellant's, co-defendant Lee's, and co-defendant Stauffer's petitions. When co-defendant Lee's counsel called Mr. Garcia to testify, the Commonwealth asked for an offer of proof. Co-defendant Lee's counsel explained Mr. Garcia would testify consistent with the statement he gave to police on March 1, 2013, in which Mr. Garcia related that Mr. Rodriguez admitted he was the

shooter in the End Zone Bar homicide. The Commonwealth objected to Mr. Garcia's proposed testimony as inadmissible hearsay. Counsel for co-defendant Stauffer claimed Mr. Garcia's statement satisfied the "statement against interest" exception to the hearsay rule at Pa.R.E. 804(b)(3). The Commonwealth maintained the proffered testimony did not meet the Rule 804(b)(3) exception because under that Rule, the declarant must be unavailable, and the petitioners offered no proof that Mr. Rodriguez was unavailable. The court overruled the Commonwealth's objection and permitted Mr. Garcia to testify. Mr. Garcia testified consistent with his March 1, 2013 statement to police.

By order dated March 5, 2014, the court denied Appellant PCRA relief. In its accompanying opinion, the court explained, in relevant part:

> The Commonwealth claims that Mr. Garcia's testimony on September 23, 2013 should not have been permitted. We agree. Prior to Mr. Garcia testifying, the Commonwealth objected to Mr. Garcia's testimony as inadmissible hearsay, [to] which defense counsel responded by saying it was an admission against penal interest. Although an admission against penal interest is a valid exception to the hearsay rules, this exception is not applicable in the present case because the declarant was not unavailable and the statement was not supported by corroborating circumstances that clearly indicate its trustworthiness. *See* [Pa.R.E. 804(b)(3)(B)].

(Opinion in Support of Order Denying PCRA Relief, filed March 6, 2014, at 3) (some internal citations omitted).

Assuming without deciding that Appellant's petition met the sixty-day rule per Section 9545(b)(2), we conclude the record supports the court's

analysis. ***See Conway, supra***. Appellant and his co-defendants presented only the testimony of Mr. Garcia at the PCRA hearing, without any proof that Mr. Rodriguez (the declarant) was unavailable to testify.[7] ***See*** Pa.R.E. 804(a), (b)(3). Further, Appellant offered no corroborating evidence to indicate the trustworthiness of Mr. Rodriguez's statement. ***See*** Pa.R.E. 804(b)(3)(B). Notably, Mr. Garcia testified that Mr. Rodriguez admitted he was the shooter in the End Zone Bar homicide in the presence of Mr. Garcia **and** Jesus Laarte (also known as "Cito"). Appellant did not present Cito to testify. ***See id.*** Consequently, Mr. Garcia's declaration and testimony fail to satisfy the hearsay exception set forth in Pa.R.E. 804(b)(3).[8] Appellant's current PCRA petition is based on inadmissible hearsay that cannot satisfy the "new facts" exception under Section 9545(b)(1)(ii).[9] ***See Abu-Jamal,***

---

[7] The record contains a court order authorizing the sheriff or his authorized deputies to obtain custody of Mr. Rodriguez, so that he could appear for an interview with the District Attorney's Office in relation to Appellant's case on September 23, 2013 (the date of the PCRA hearing). Thus, the record suggests Mr. Rodriguez was available at the time of the PCRA hearing, but Appellant declined to present him as a witness.

[8] On appeal, Appellant also argues his proffered evidence meets an exception to the hearsay rule as an inconsistent witness statement, or under the then-existing mental, emotional, or physical condition hearsay exception. Appellant raises these claims for the first time on appeal, so they are waived. ***See Commonwealth v. Edmiston***, 578 Pa. 284, 851 A.2d 883 (2004) (explaining claims not raised in PCRA court are waived and cannot be raised for first time on appeal).

[9] Based on our disposition, we need not consider Appellant's claims that the PCRA court erred in finding his testimony unreliable and incredible. *(Footnote Continued Next Page)*

*supra*.  Therefore, the PCRA court properly denied the petition.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/2015

---

*(Footnote Continued)* ─────────────

Additionally, we decline to reach the merits of Appellant's underlying after-discovered-evidence claim, because Appellant failed initially to establish our jurisdiction by pleading and proving a timeliness exception. *See Commonwealth v. Brown*, ____ A.3d ____, 2015 PA Super 24 (filed February 6, 2015) (holding facially untimely PCRA petitioner attempting to raise substantive after-discovered-evidence claim must first establish jurisdiction by pleading and proving exception to PCRA time-bar).